Peelle, J.,
delivered the opinion of the court:
The facts in tbis cause, about which there is no controversy, are as follows: On March 14,1864, the claimant was mustered into the service of the United States as a private in Company A, Nineteenth Begiment Pennsylvania Cavalry Volunteers? June 10 following he was captured in action at Guntown, Miss.; March 1,1865, he was delivered on parole at North Bast Ferry, N. C., and reported at Camp Parole, Annapolis, Md., March 5 following, where, on June 29 following, he was mustered out of the service as a sergeant.
June 28, 1865, the governor of Pennsylvania issued to the claimant a commission as second lieutenant of said company and regiment to rank from January 26,1865, at which latter date the claimant was a prisoner of war in the custody of the enemy.
The claimant was recognized by the War Department as a second lieutenant in said company and regiment from the date of his commission, June 28,1865, but refused to recognize him as such prior thereto. At the date of the issuance of the commission, as well as at the date he was designated therein to take rank, there was a vacancy in the grade of second lieutenant in said company and regiment, and the claimant was commissioned to fill the same.
On these facts the claimant contends that he is entitled to recover, under the Act February 3,1887 (24 Stat. L., 377), the pay of a second lieutenant from January 26,1865, “ the date from which he was to take rank,” to June 27,1865.
The defendants contend that there is a clear distinction between the meaning of the words “the date from which he was to take rank,” in the first proviso, and “ the date of his commission,” in the second proviso.
The act referred to is as follows:
“ That section one of ‘ An act to provide for the muster and pay of certain officers aud enlisted men of the volunteer forces,7 approved June third, eighteen hundred and eighty-four, be, and is hereby, amended so as to read as follows:
“ ‘That the joint resolution, approved July eleventh, eighteen hundred and seventy, entitled, ‘ Joint resolution amendatory of joint resolution for the relief of certain officers of the Army,7 approved July twenty-sixth, eighteen hundred and sixty-six, is hereby so amended and shall be so construed that in all cases arising under the same any person who was duly appointed *119 and commissioned, whether his commission was actually received by him or not, shall be considered as commissioned to the grade therein named from the date from which he was to take rank under and by the terms of his said commission, and shall be entitled to all pay and emoluments as if actually mustered at that date:
“ ‘ Provided, That at the date from which he was to take rank by the terms of his commission there was a vacancy to which he could be so commissioned, and that he was actually performing the duties of the grade to which he was so commissioned, or, if not so performing such duties, then from such time after the date of his commission as he may have actually entered upon such duties:
“‘And provided further, That any person held as a prisoner of war, or who may have been absent by reason of wounds or in hospital by reason of disability received in the service in the line of- duty, at the date of his commission, if a vacancy existed for him in the grade to which so commissioned, shall be entitled to the same pay and emoluments as if actually performing the duties of the grade to which he was commissioned and actually mustered at such date:
“ ‘And provided further, That this act and the resolution hereby amended shall be construed to apply only in those cases where the commission bears date prior to June twentieth, eighteen hundred and sixty-three, or after that date, when their commands were not below the minimum number required by existing laws and regulations:
“ ‘And provided further, That the pay and allowances actually received shall be deducted from the sums to be paid under this act.’” (24 Stat. L., 377.)
By reference to the Joint Resolution July 26, 1866 (14 Stat. L., 368), it will be seen that where a commissioned officer éntered on duty as such but was prevented from muster within a period of thirty days by reason of being killed in battle, captured by the enemy, or other cause beyond his control he was entitled to full pay.
The Joint Resolution, July 11, 1870 (16 Stat. L., 385), amending the one of 1866, fixed the date of the commission as the time when the pay of such officer should begin, if at that date he was performing the duties of the grade to which he was commissioned.' The second section thereof provided, in effect, that those who were held as prisoners of war by the enemy or who were in hospital by reason of wounds or disability “ at the time of issuing their commissions” should be entitled to the same pay as though actually performing the duties of the grade to which they were commissioned.
*120 Tbe Act June 3, 1884 (23 Stat. L., 34), amending tlie joint resolution 1870, in substance provided that where a vacancy existed to which such officer could be appointed he should be entitled to pay, if performing the duties of the grade to which he was commissioned, from the date of his commission, whether the commission was actually received by him or not; and in case he was held as a prisoner or was in hospital by reason of wounds, etc., he was entitled to pay from the date of his commission without performing such service.-
Up to this time no pay was provided for such officers prior to the date of their commissions, whether performing the duties of the grade to which they were commissioned, or were absent as prisoners, or in hospital by reason of wounds, etc.
It will be noticed that this act of 1887, which is an amendment to the act 1884, provides that “ any person who was duly appointed and commissioned, whether his commission was actually received by him or not, shall be considered as commissioned to the grade therein named from the date from which he was to take rank under and by the terms of his said commission, and shall be entitled to all pay and emoluments as if actually mustered at that date.” To that language there are four limitations or provisos:
(1) “ That at the date from which he was to take rank ” there was a vacancy, and he was performing the duties of the grade, etc.;
(2) That if “ at the date of his commission” he was held as a prisoner of war, etc., and a vacancy existed for him, etc.;
(3) That the act shall only apply to those cases where the commission bears date prior to June 20,1863, or after that date when their commands were not below the minimum number required by existing laws and regulations, and
(4) That the pay and allowances received shall be deducted, etc.
In the body of the act as well as in the first proviso it will be noticed that the pay and emoluments therein provided for were to commence from the date at which he was to take rank by the terms of his commission, while in the second proviso the words “at the date of his commission” are used, showing that Congress, by the use of these words in the second proviso, intended to limit the pay and emoluments of those held as prisoners of war, etc., to the date of their commission, if at such date they were held as prisoners of war, etc.
*121 But for the words “ at the date of his commission,” in the second proviso, the construction contended for by the claimant would perhaps have to be sustained, as in that event the' proviso would relate back to the date fixed in the body of the act; but the words being in the proviso, and the proviso being in harmony with the subject of the enactment, the court must so construe the act as to give force and effect to every word, clause, and provision of it.
There is no contention that the claimant comes within the first clause of the act, for the reason that neither at the date of his commission nor the date from which he was to take rank thereunder, or subsequently thereto, was he actually performing the duties of the grade to which he was so commissioned. Nor is there any contention that he comes within the first proviso of the act.
The facts show, and there can be no contention to the contrary, that at the date of the claimant's commission' he was not held as a prisoner of war, strictly speaking, his status, from March 1 to June 29,1865, being that of a “paroled prisoner of war.” But at the date from which he was to take rank under and by the terms of his commission, to wit, January 26, 1865, he was held as a prisoner of Avar. Therefore to entitle the claimant to recover the court must hold that “at the date of his commission” the claimant was held as a prisoner of war, and then so construe the act as to read into the second proviso the words “the date from which he was to take rank under and by the terms of his said commission,” which are found in the body of the act, as well as in the first proviso thereto, as applicable only to those persons who actually performed the duties of the grade to which they were commissioned. Such construction would not only involve reading into the second proviso the words indicated, but would involve reading out of the proviso the words “at the date of his commission,” which were placed there by .Congress for some purpose, as were the words of like tenor in the joint resolution of 1870 and the act of 1884. . •
What that purpose was the court can ascertain, if at all, only from the language used. The proviso is a limitation on the language that precedes it and not an extension of rights conferred by the act.
*122 The language “at the date of bis commission”is susceptible of but one meaning, and therefore needs no interpretation. The court is not at liberty to construe the language to mean a date anterior to the date of the commission, much less to give such construction as would eliminate the language from the proviso. The court must deal with the language as it is found in the act, and if injustice results the remedy is with Congress.
We think the act provides that as to those present for duty, who were thus commissioned, their pay and emoluments shall begin, not from the date of their commission nor from the date at which they were to take rank from the terms thereof, but from the time they actually entered upon and performed the duties of the grade to which they were commissioned, while as to those who were absent by reason of being held prisoners of war, wounds, or disability, their pay and emoluments begin from the date of commission, thus reckoning the time so held as prisoners, etc., as equivalent to actual service from the date of their commission.
So it seems to us that the pay and emoluments provided for in the first clause of the act are conditioned upon actual service as well as a commission and a vacancy, as without actual service there could be no pay, under such commission, until after muster.
We take it that when a commission has been issued to a person in the Army, and nothing appears to the contrary, it is reasonable to presume that such person so commissioned enters upon the duties of the grade to which he was commissioned, although bound to know that in the absence of some special statute his pay and emoluments would not begin until after muster, and this view seems to have been the foundation of the joint resolutions and acts referred to.
But when a person was commissioned to take rank at a date anterior to the date of his commission, no presumption can arise that the person so commissioned had actually entered upon and performed the duties of the grade from the time when he was to take rank by the terms of such commission,therefore, by the terms of the act, before any person thus commissioned can receive the pay and emoluments of the grade from the date at which he was to take rank he must show that he was actually performing the duties of the grade to which he was commissioned.
*123 This he can not do if at the time he was held as a prisoner of war, or was absent by reason of wounds, or confined in hospital by reason of disability, and no presumption can arise that if he had been present with his command he would have performed the duties of the grade to which he was commissioned.
Those held as prisoners of war are, by the terms of the second proviso, given the pay and emoluments therein provided for from the date of their commission, because being thus held as prisoners of war it could not be known when they would return and enter upon duly.
Soon after the passage of the act of 1887 the Secretary of War construed the same, holding that those who were held as prisoners of war at the date of their commissions were entitled to the pay and emoluments therein provided for only from the date of their commissions. This construction we think brings the case within the rule first announced in Edwards v. Darby (12 Wheat., 206, 210), and later in other decisions cited in the case of United States v. Johnston (124 U. S., 236, 253), where it is said “ the contemporaneous construction of a statute by those charged with its execution * * * is entitled to great weight, and should not be disregarded or overturned except for cogent reasons, and unless it be clear that such construction is erroneous.”
We are not satisfied that such construction is erroneous. On the contrary, we believe it is supported by the recognized rules of interpretation and founded in reason; and thus believing we hold that the claimant is not entitled to recover, and his petition is dismissed.